CATENCAMP, Plaintiff and Respondent, vs. CATENCAMP, Defendant: APPLICATION OF WESCOTT, Appellant.

*June 7—July 8, 1922.*

*Divorce: Division of property: Interest of husband's creditor: Reopening judgment: Discretion of court.*

The refusal of the trial court to open up a judgment of divorce entered upon default for the purpose of withdrawing approval of a stipulation as to a division of property and for redetermining alimony at the suggestion of a creditor of the defendant husband, is found not to be an abuse of discretion.

APPEAL from an order of the circuit court for Waupaca county: BYRON B. PARK, Circuit Judge. *Affirmed.*

The plaintiff and defendant were married in 1903 and lived in Shawano county. April 18, 1921, they stipulated in writing, subject to the court's approval, as to a division of property, and a divorce suit was then started in Waupaca county. Plaintiff was granted a divorce by default on April 25th at a special term of said court then being held by the Hon. JOHN J. GREGORY in Waushara county. Findings were made wherein the above stipulation was mentioned and approved and all of defendant's real-estate interests granted to plaintiff, together with provision for her support and that of their children. The divorce counsel recommended the granting of the divorce. It appears, however, that he had not spoken to defendant concerning the action or as to his financial condition. Nothing was said upon the hearing at which the divorce was granted concerning any of defendant's liabilities, the plaintiff testifying that she had heard he was worth about $70,000. Considerable of the real estate so granted to plaintiff was charged with a present and continuing obligation to support defendant's parents.

Shortly after the entry of such judgment the appellant here, *Mary A. Wescott,* upon petition obtained an injunctional order restraining plaintiff from disposing of any of

such real estate until the petition should be heard and determined. A hearing was had on July 8, 1921, and at the same term at which the judgment was entered by Hon. BYRON B. PARK, circuit judge. Plaintiff objected to the petitioning creditor being heard in this divorce action. The trial court, however, permitted testimony to be given as to the liabilities of defendant, showing them to be apparently greatly in excess of his assets. It further appeared that *Mrs. Wescott* had loaned defendant $6,000 in October, 1920, upon a written statement by him asserting his ownership of the real estate and his solvency. He paid $1,000 and interest in December, 1920, and gave a new note for $5,000, which at the time of the hearing was past due and unpaid but which was not reduced to judgment until after the hearing on said petition.

The trial court, on July 19th, denied the motion of *Mrs. Wescott* to have such judgment of divorce opened, and filed a written decision with certain findings recited therein upon the evidence taken before him as to the value of the real estate, and also saying:

"I have some doubt of the power of the court, on the suggestion of the creditors of the defendant, to open up the judgment for the purpose of withdrawing approval of the stipulation and then redetermine the question of plaintiff's alimony.

"Assuming the judgment to be opened up, I apprehend no different disposition beneficial to creditors could be made of the Shawano county 80. Aside from that property impressed with the trust provision for the old people's benefit, some property certainly would have to be preserved for the wife, lest she should be left penniless."

"Notwithstanding the doubt above expressed, and also in the entire absence of collusion, I would, on the creditor's suggestion, take chances on the court's action meeting the approval of the appellate court and open up the judgment, if the showing was such that it clearly appeared a grievous wrong had been done.

"On the situation disclosed on July 8th I cannot see how,

Jesse v. Four Wheel Drive Auto Co. 177 Wis. 627.

if the judgment were opened up, any change could be made in the provision for the wife which would be of any very material benefit to the creditors.

"The order will be that judgment, on the showing made, will not be opened up. The findings as to the values above made are made only for the purpose of this motion, and are not to be considered any adjudication, except for the purpose of this motion, for the reason that there was not afforded on this hearing the time and opportunity for that full and complete investigation of values which would be afforded by a trial."

From the order so entered *Mary A. Wescott* has appealed.

*Eugene M. Wescott* of Shawano, for the appellant.

For the respondent there was a brief by *John C. Hart* of Waupaca, attorney, and *Goggins, Brazeau & Goggins* of Wisconsin Rapids, of counsel, and oral argument by *Mr. B. R. Goggins* and *Mr. Hart.*

ESCHWEILER, J.   A number of questions of procedure have been here presented and argued, which need not be and are not now decided.   The order appealed from may be and is affirmed upon the ground that we can find no abuse by the trial court of the discretion vested in him upon such an application.

*By the Court.*—Order affirmed.